WHETSELL, et ux. *v.* WALLIZER, et al.

[No. 163, September Term, 1965.]

*Decided February 4, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*William L. Wilson* for appellants.

*Thomas N. Berry* for appellees.

PER CURIAM.

In this custody case, the child's parents were killed in an automobile accident when she was three years old. The child, Debra, was in the car and sustained serious injuries. She has no brothers or sisters and, after the tragic accident, was shifted monthly between her maternal and paternal grandparents, none of whom is seeking custody. The rival petitioners for custody are the appellant, Ronald Henry Whetsell, brother of the child's mother, and his wife; and the appellee, LaVerne Alice Wallizer, sister of the child's father, and her husband. Judge Hamill, in the Circuit Court for Allegany County, awarded custody and guardianship to the Wallizers.

The chancellor found that either the Whetsells or the Wallizers could furnish Debra a good home. The Wallizers are both 40, whereas Mr. Whetsell is 27 and his wife 21. The Wallizers live in LaVale, a suburb of Cumberland, in the general area in which Debra's family had lived. They have one child, a daughter 13 years of age. Mr. Wallizer is an electrician with an income sufficient to support Debra; his wife does not work. Mr. Whetsell operates a restaurant and tavern. The Whetsells live in Cumberland; they have a daughter three years younger than Debra. The testimony indicates that, because of her injuries in the accident, Debra will need special care. The Wallizers plan to add another room to their house for her and to send her to the same Methodist church in which her parents were active. The Chancellor, among other circumstances which he discussed in his opinion, referred to the fact that the Whetsells would raise Debra as a Methodist, although Mrs. Whetsell is a Catholic and their infant child is to be raised in that religion He said as to this phase in the matter:

"I wish to expressly state that I am not inferring that this would be necessarily detrimental to said Debra Ann, nor in any way reflecting upon the Whetsell family, but it is felt that it is better for all members of a family to belong to the same church affiliation."

The Whetsells contend that their ages, close to those of Debra's parents, and the fact that there is only a few years difference in age between their daughter and Debra, strongly indicate that it would be in Debra's best interest if they were given custody. They argue that Debra should be in a home where she could grow up with a child virtually her age. The Wallizers contend that a more important fact is that they could give Debra the special care and attention which, because of her injuries, she will require in the years immediately ahead. They stress that the environment in their home would be virtually the same as that in Debra's home before the accident.

In custody cases, we have emphasized the vital role of the Chancellor who hears the case. *Daubert v. Daubert,* 239 Md. 303-309, 211 A. 2d 323 (1965) and cases therein cited. The Chancellor has the parties before him and is able to judge their character and probable influence over the child. "Unless there is some reason to the contrary, his findings ought not to be disturbed." *Sibley v. Sibley,* 187 Md. 358, 362, 50 A. 2d 128 (1946).

In this case, the Chancellor's opinion shows that he was familiar with all the factors involved. He believed that it would be better for Debra to grow up in the same environment in which she had lived with her parents. As in *Daubert,* in view of all the circumstances, we can not say that his decision was wrong.

The Whetsells complain that, in any event, the decree should have provided for reasonable visitation rights to them. No request for such a provision was made below. In the argument before us, it was agreed by counsel that, in fact, visits were taking place. Often in relationships such as here involved, informal working arrangements are better for all concerned, including particularly the child, than formal court orders. A court of equity has continuing jurisdiction in custody matters and,

714

if it becomes advisable, the Chancellor can in the future make such order as he deems appropriate.

*Decree affirmed; costs to be paid by appellants.*